IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CR 02-0049-02-TUC-DCB(HCE) |
| Plaintiff, | ) | **REPORT AND RECOMMENDATION** |
| vs. | ) | |
| CHRISTOPHER JESSIE RENDON, | ) | |
| Defendant. | ) | |

The District Court referred this case to the Magistrate Judge for an evidentiary hearing on allegations the Defendant violated conditions of his supervised release. The Defendant consented in writing to proceed before the Magistrate Judge and the evidentiary hearing was held on March 20, 2008. Upon consideration of the evidence presented and argument of respective counsel, the Magistrate Judge recommends that the District Court, after its de novo review, find the Defendant has violated his conditions of supervised release.

I. PROCEDURAL BACKGROUND

The Defendant was committed to the Bureau of Prisons on August 1, 2002 by the District Court. A 60 month period of supervised release was imposed and which commenced on April 22, 2005. Thereafter Defendant's supervised release was revoked and he was committed to the Bureau of Prisons on December 5, 2006 followed by a 29 month period of supervised release which commenced on May 22, 2007.

## II CONDITIONS OF SUPERVISED RELEASE

A Petition to Revoke Supervised Release was filed on January 16, 2008. Therein it is alleged that the Defendant violated Standard Condition 3 which states:

> You shall report to the probation office as directed by the Court or probation officer, and shall submit a truthful and complete written report within the first five days of each month.

Petition to Revoke Supervised Release, Allegation A. It is alleged that Defendant violated Special Condition 1 which states:

> You shall participate as instructed by the probation officer in a program of substance abuse treatment which may include testing for substance abuse. You shall contribute to the cost of treatment in an amount to be determined by the probation officer.

Petition to Revoke Supervised Release, Allegation B. It is alleged that Defendant violated Special Condition 5 which states:

> The defendant shall enroll in a General Education Development (GED) Program to obtain a high school equivalency diploma within 10 days of release.

Petition to Revoke Supervised Release, Allegation C.

## III TESTIMONY

The Government called U.S. Probation Officer Ms. Kelly Heitkam to testify in support of the Petition to Revoke Supervised Release. No other witness was called by the Government. The Defendant did not testify nor were witnesses called on his behalf. Admitted into evidence was a letter from the U.S. Probation Office to Defendant dated September 19, 2007 regarding drug testing by TASC (Treatment Assessment Screening Center, Inc.) and Defendant's responsibilities to comply with such. (Exhibit 1). Also admitted into evidence was a report from TASC, prepared by Mr. Leo Pena at Ms. Kelly Heitkam's behest, regarding dates Defendant failed to appear for drug testing. (Exhibit 2).

### A. Allegation A

U.S. Probation Officer Ms. Kelly Heitkam met with Defendant on April 22, 2005 and explained his standard conditions of release which included that he was to report to the

1 probation officer as well as to submit a truthful and complete written report within the first
2 five days of each month.

3     Defendant, through counsel, on cross-examination of Ms. Heitkam established that
4 Defendant had transportation problems, i.e. had to walk or take a bus to meet appointments.
5 However, it was not established that 1) this was the reason for Defendant not reporting to Ms.
6 Heitkam or submitting a complete and truthful report within the first five days of each month;
7 and 2) that, if so, such reasons were communicated to Ms. Heitkam. Moreover, even though
8 Defendant resided in Chandler under one area code and could call Ms. Heitkam in Phoenix,
9 under another area code, Ms. Heitkam testified such calls would not be long distance.

10     Ms. Heitkam testified Defendant failed to report for November and December 2007 and
11 failed to submit written reports for October and November 2007.

12     B. Allegation B

13     On September 19, 2007 Defendant was given a letter signed by him acknowledging
14 receipt of instructions to call regarding his color. Should his color be designated for that
15 day, he was instructed to call TASC in order to give a urine sample. When reporting to give
16 a urine sample he was to provide a valid picture I.D. Failure to provide a valid picture ID
17 would be reported as a "No Show".

18     Ms. Heitkam testified that Defendant was advised to "do his best to have a $4.00 money
19 order" as a co-payment to TASC when he reported to them for services.

20     Defendant, through counsel, on cross-examination of Ms. Heitkam established that if
21 Defendant did not have a phone he could not make phone calls. However, it was not
22 established that 1) Defendant did not have a phone; or 2) had no access to a phone.

23     Defendant, through counsel, on cross-examination of Ms. Heitkam established that
24 Defendant did not have a job and was receiving Social Security disability benefits.
25 Moreover, Defendant and his domestic partner had or were about to have a baby. However,
26 Ms. Heitkam had no idea what were Defendant's spending money circumstances.
27 Moreover, Ms. Heitkam did not know what, if any, ID Defendant had. Nothing was
28

- 3 -

1  established that Defendant was unable pay for TASC services or did not have or could not
2  obtain a valid ID.

3  Ms. Heitkam testified that information received from TASC indicated that Defendant
4  failed to submit[1] to substance abuse testing with TASC on October 3; October 15; October
5  30; November 1; November 20; November 27; December 6; December 10; and December
6  13, 2007.

7  C. Allegation C

8  Defendant was required to enroll in a GED program in order to obtain a high school
9  equivalency diploma. Ms. Heitkam testified that Defendant had been approved for only a
10 total 3 hours on two dates to that end.

11 IV RECOMMENDATION

12  In view of the foregoing, the Magistrate Judge recommends that the District Court, after
13 its independent review of the record, find the Defendant violated the conditions of supervised
14 release as set forth in the Petition to Revoke Supervised Release.

15 The parties may file and serve any written objections within 10 days of being served with
16 a copy of this Report and Recommendation. If objections are filed, the parties should use the
17 following case number: CR 02-0049-02-TUC-DCB(HCE)

18     DATED this 20th day of March, 2008.

_____
Héctor C. Estrada
United States Magistrate Judge

---

[1] Ms. Heitkam testified that anyone presenting themselves to TASC for drug testing will not be turned away if they do not have the money to pay for drug testing services.

- 4 -